UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDINA PROPERTY LLC, Plaintiff, v. LAURA FOX, et al., Defendants. | Case No. 19-cv-06168-JCS **ORDER GRANTING MOTION TO REMAND AND VACATING MOTION HEARING SET FOR NOVEMBER 22, 2019** Re: Dkt. No. 3 |

## I. INTRODUCTION

This is an unlawful detainer action that Plaintiff Andina Property LLC ("Andina") originally filed in state court. Defendants Laura and Beth Fox removed to federal court on the basis of federal question jurisdiction, asserting as a defense to their eviction that Andina has violated various federal statutes and regulations. *See* Docket No. 1 (Removal) (alleging that Andina has "violated numerous Federal laws and statutes, under Title 24 C.F.R. 220.814 – Election of Action, Chapter 2, Subtitle B"). Andina brings a Motion to Remand ("Motion") asking the Court to remand the case to state court on the basis that Defendants' removal was untimely and there is no federal jurisdiction over this case. For the reasons stated below, the Court GRANTS the Motion and vacates the motion hearing set for November 22, 2019.[1]

## II. ANALYSIS

### A. Legal Standard

Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

District courts have jurisdiction—commonly known as "federal question" jurisdiction—over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

### B. Defendants Have Not Demonstrated the Existence of Federal Subject Matter Jurisdiction

Unlawful detainer is a state law claim that does not implicate federal law. *See, e.g., Litton Loan Servicing, L.P. v. Villegas*, C 10 05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011). No other basis for federal question jurisdiction is apparent from Andina's Complaint. Whether Defendants allege violations of federal law in their Notice of Removal in this case is irrelevant to jurisdiction. *See Caterpillar*, 482 U.S. at 393. Likewise, Defendants' allegations in their response to the Motion that Andina has violated a long list of federal laws are at most defenses to Andina's unlawful detainer claim, which is a purely state law claim. The Court also notes that Defendants have not alleged that there is diversity jurisdiction under 28 U.S.C. § 1332. Therefore, the Court finds that there is no subject matter jurisdiction in this case.

## III. CONCLUSION

For the reasons stated above, the Motion is GRANTED. This case shall be REMANDED the Superior Court of California for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: November 8, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge